## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Israel F. Hernandez

Case No (Law) 127620

Israel F. Hernandez

v.

Commonwealth of Virginia

Case No (Law) 130007

March 14, 1994

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the Court on the Commonwealth's petition to have Mr. Hernandez declared to be an habitual offender in Law Number 127620 and on Mr. Hernandez's petition for a restricted privilege to operate a motor vehicle in Law Number 130007. Mr. Hernandez's declaration as an habitual offender was uncontested, and a final order to that effect was entered on March 10, 1994. His petition for a restricted license was taken under advisement. For the reasons provided below, that petition is denied at this time.

Mr. Hernandez petitions for a restricted license pursuant to § 46.2–360(2) of the Code of Virginia. That statute provides that a restricted license may be issued by the Court three years from the date of adjudication as an habitual offender "if the court is satisfied from the evidence presented that (i) at the time of the previous convictions, the petitioner was addicted to or psychologically dependant upon the

use of alcohol or other drugs, (ii) at the time of the hearing on the petition, he is no longer addicted to or psychologically dependant on the use of alcohol or such other drugs, and (iii) the defendant does not constitute a threat to the safety and welfare of himself and others with regard to the driving of a motor vehicle." In computing the three-year period, a petitioner "shall be given credit for any period his driver's license was administratively revoked under § 46.2–391 prior to his adjudication as an habitual offender." Va. Code § 46.2–361(2). Mr. Hernandez had an administrative suspension of his driver's license in April 1990. In August 1992 he obtained a restricted license from the Fairfax County General District Court. He has been driving under the restricted license since that time.

The petitioner alleges that the administrative suspension in April 1990 qualifies him now for a restricted license, as the suspension was more than three years ago. The Commonwealth asserts that Mr. Hernandez does not yet qualify for a restricted license because the administrative suspension credit toward the three-year period is only a credit for the length of time that the license was revoked or suspended, and the issuance of a restricted permit by the General District Court in August 1992 interrupted the administrative suspension and stopped the running of any credit toward the required three years.

The Court finds that § 46.2–361 of the Code only allows a credit for the period of time one's license was actually suspended or revoked ("such person shall be given credit for any period his driver's license was administratively *revoked* . . .") (emphasis added). Allowing a restricted license after one has been unable to drive for three years serves two purposes. First, it allows for a sufficient passage of time so that one's addiction to or dependance on alcohol or other drugs will have changed. Second, it reflects the minimum time that the legislature believes one should be without a license as a penalty for his or her past transgressions in operating a motor vehicle. Mr. Hernandez only had his license administratively revoked for two years and four months (from April 1990 through August 1992). Therefore he is not eligible for a restricted permit under § 46.2–361(2) of the Code until eight months have passed from his adjudication as an habitual offender. Mr. Hernandez should refile his petition at that time.